In re Guardianship of the Estate of SOFA'I FALELUA, A Minor Child, and concerning FUATINO FALELUA, Guardian of the Estate

FUATINO FALELUA, Guardian Ad Litem for the Minor SOFA'I FALELUA, Plaintiff

v.

CONTINENTAL INSURANCE COMPANY and DOES I through V, Defendants

High Court of American Samoa
Trial Division

PR No. 32-88
CA No. 89-88

December 13, 1989

Before REES, Associate Justice, OLO, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Petitioner, John L. Ward II

On Motion for Reconsideration:

This motion, filed in connection with what would otherwise be a routine request by the guardian of a minor child for disbursement of funds held in trust for the child, raises the question whether the law of American Samoa recognizes a cause of action for "loss of filial consortium" for a parent whose child has been injured.

The child in question, Sofa'i Falelua, was injured in a motor accident. The child had been riding in a pickup truck belonging to his father. The truck was being driven by someone else, apparently with permission of the father. The child's mother sought appointment as guardian ad litem and then sued the driver and the owner's (i.e., the child's father's) insurance company. The complaint alleged that the driver had negligently caused the minor's injuries. Although plaintiff was identified throughout the complaint as guardian ad litem and purported to sue only in such capacity, her complaint also stated that she had "been deprived of comfort and happiness in minor's society and has suffered a great deal of mental pain and anguish, has been deprived of the services of minor as her parent, and those other pleasures and rights growing out of the parent-child relationship known as consortium."

On April 24, 1989, the parties submitted a proposed settlement and stipulated judgment for the approval of the Court. The stipulation provided in pertinent part that "[t]he Court, having previously appointed Plaintiff herein as Guardian ad Litem of the minor child . . . , is

respectfully urged to order deposit of the proceeds of this settlement in the Court Registry." The Court approved the proposed settlement and accepted the proposed deposit of funds into the registry of the Court in trust for the child.

On June 1, 1989, the guardian submitted a "petition for release of funds." The petition stated that the American Samoa Government had determined that the child Sofaʻi should be sent to Hawaii for medical care; that, in accordance with its usual practice, the Government was to pay air fare for Sofaʻi and also for the guardian herself as well as all medical costs; but that the guardian anticipated certain other travel expenses for which she requested a disbursement from the child's trust fund. The unitemized request was for $1,500. The Court felt that $300 was more consistent with the usual standard for supplemental travel expenses, and disbursed this amount subject to the guardian's commitment to file an accounting upon her return from Hawaii.

On June 22 the Court received a request for a supplemental disbursement of $350. This request contained the following assertion:

> [t]he funds on deposit . . . represent the settlement of claims on behalf of the minor child, as well as the parents as outlined in Count II of the original complaint. The actual amounts due the minor [and] the parents . . . has yet to be judicially determined.

This was news to the Court, which had already established a trust account for the minor child and approved a disbursement from this account. The Court did approve the requested supplemental disbursement of $350, subject to the requirement of a subsequent accounting, but observed that "the money belongs to the child."

The Guardian subsequently moved for reconsideration of that part of the Court's order decreeing that the entire sum held in the registry of the Court belongs to the child. Counsel has submitted authorities for the proposition that parents have a right to recover for loss of "filial consortium" in connection with injuries to a child, and argues that the Court should allocate part of the settlement to the mother/guardian as compensation for such loss.

"Loss of filial consortium" is a new idea in American Samoa and a relatively new one elsewhere. No such cause of action was recognized at common law, although parents could recover damages for

85

tangible losses such as a child's lost wages and medical expenses. Prosser & Keeton on Torts § 125 at 934 (5th ed. 1982). Despite the traditional association of the term "consortium" with discontinued sexual relations between an injured person and his spouse, at least one court has used this term in connection with damages arising from the loss of filial companionship, society, and comfort. *See Reben v. Ely*, 705 P.2d 1360 (Ariz. App. 1985). Other courts have awarded such damages while avoiding the term "consortium." *Shockley v. Prier*, 225 N.W.2d 495, 499 (Wis. 1975); *Bullard v. Barnes*, 468 N.E.2d 1228, 1233 (Ill. 1984).

It may be true, as cases such as *Shockley* and *Bullard* suggest, that the traditional limitation of damages for the injury of one's child to palpable economic losses reflects an outmoded view of children as mere economic assets. In American Samoa, however, where the typical tortfeasor has few traceable assets and is insured for $10,000 if he is insured at all, the recognition of a cause of action for collateral harm to a parent as a result of his child's injuries would almost certainly have the principal effect of reducing the sum otherwise available to compensate the child for injuries that are by definition far more palpable, direct, and severe. This, in turn, would practically guarantee a substantial conflict of interest in every settlement negotiation arising out of personal injuries to a minor child; unless the direct injury to the child is unusually slight or the fund available for settlement unusually large, zealous representation of the child's claims will have the effect of depleting the fund available to compensate the fiduciary. *Cf. Galo v. American Samoa Government*, 10 A.S.R.2d 94 (1989); *Logoa'i v. South Pacific Island Airways, Inc.*, 6 A.S.R.2d 28 (1987).

The facts of the present case, moreover, render it a singularly inappropriate vehicle for the recognition of a new cause of action for loss of filial companionship. On the face of the complaint it appears most unlikely that the injuries suffered by Sofa'i will have the sort of "shattering effect" on the parent-child relationship that has been found to justify such a cause of action. *Shockley, supra*, 225 N.W.2d at 499. It was also asserted in defendants' answer that the guardian herself had contributed to the accident by permitting her child to ride in the back of a pickup truck. If proven at trial, this might have severely limited the guardian's recovery.

If the guardian ever had a claim in her personal capacity, she waived it when she submitted a stipulated judgment which requested that the entire settlement be deposited in the Registry of the Court. In the context of High Court practice, such a request in connection with a

settlement involving a minor (and in a stipulation referring to the child's mother as Guardian ad Litem and in no other capacity) can only be reasonably construed as a request for the establishment of a trust account. *See Judicial Memorandum No. 1-88*, 7 A.S.R.2d 146 (1988). Finally, a proposed order submitted by the guardian during the pendency of the present motion for reconsideration, formally requesting the establishment of a trust account and approval of the submitted expenses submitted by the guardian, appears even more clearly to waive any personal claim of the guardian to the funds in the trust account.

Accordingly, insofar as it requests a reconsideration of our decision that the entire settlement amount belongs to Sofa'i Falelua, the motion is denied.

Taking the motion as one for the approval of the submitted expenses, we find the following items to be related closely enough to the child's medical condition to justify their satisfaction from the trust fund: $ 79.04 for prescription sunglasses; $ 8.78 for eye patches; $ 5.00 for medicine; and $45.00 for transportation to medical appointments while in Hawaii. The request for $131.20 for telephone calls from Samoa to Hawaii is granted on the guardian's representation that the calls concerned the child's medical treatment.

The guardian has also submitted a claim for $565.00 for food, representing payments the guardian says she made to the relatives with whom she was staying. Only those food costs in excess of what would have been expended in Samoa for food may be recovered. Despite the lack of any evidence on this, but in recognition of the fact that prices in Hawaii may be somewhat higher, $150.00 is granted for food costs.

The guardian has also submitted a bill for $168.34 for medical bills she herself incurred while in Hawaii. Because she was in Hawaii to care for Sofa'i during his medical appointments, and because she would have had access to free medical care had she remained in Samoa, these expenses may be recoverable provided that they were truly necessary. The guardian has submitted no evidence to establish the necessity of these expenses.

We therefore approve expenditures from the trust fund in the amount of $419.02, out of the total amount of $650 that was advanced to the guardian. The guardian should submit evidence to document the necessity of the $168.34 requested for her own medical expenses, and should return $62.64 to the trust fund.

It is so ordered.